Argued and submitted March 11, affirmed November 25, 1987

In the Matter of the Compensation of
Claud B. Rodgers, Claimant.

## RODGERS,
*Petitioner,*

*v.*

## WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 84-05031; CA A40803)

745 P2d 820

Ronald L. Bohy, Salem, argued the cause for petitioner. On the brief was Rolf Olson, P.C., Salem.

Allan M. Muir, Portland, argued the cause for respondent. On the brief were John Casey Mills, Lawrance L. Paulson, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board denying temporary total disability benefits, a penalty and attorney fees. We affirm.

Claimant suffered a compensable injury in October, 1981, while working as a bucker for employer. On October 6, 1983, a hearing was held on his claim for temporary total disability benefits. The referee's order of February 29, 1984, determined that he was medically stationary and had been released to return to regular work on August 19, 1983, and that he was "not entitled to additional temporary total disability benefits, beginning August 20, 1983, and until claim closure under ORS 656.268." Claimant did not appeal.

On October 17, 1983, Dr. Campagna, a neurosurgeon, saw claimant and shortly thereafter admitted him to a hospital for evaluation. Employer voluntarily began paying temporary total disability. Initially, Campagna prospectively released claimant for work as of January 5, 1984; however, on December 16, 1983, he indicated that claimant could not return to his former employment and recommended vocational rehabilitation. Employer stopped paying temporary total disability benefits on January 4, 1984.

Claimant sought a hearing on the termination of temporary total disability benefits, and the referee issued an order requiring employer to pay temporary total disability benefits from January 4 until claim closure, pursuant to ORS 656.268.[1] Employer moved for reconsideration. On reconsideration, the referee withdrew the original order and determined that he was bound by the earlier finding of February 29, 1984, that claimant was medically stationary. Because claimant had shown no "worsening," the referee denied his request for temporary benefits. The Board affirmed.

The referee and Board erred in concluding that the February 29, 1984, order precluded an additional award of temporary disability benefits unless claimant could prove a "worsening" of his condition. A worsening is required only when a worker seeks additional compensation *after the last award or arrangement of compensation.* ORS 656.273. It is the

---

[1] As of the hearing date, the claim had not been closed.

standard applied when a claimant seeks benefits for an *aggravation* of a compensable condition, after the extent of disability for that condition, both temporary and permanent, has been determined. The referee's order of February 29, 1984, determined the right to temporary disability benefits on the basis of the evidence of claimant's condition *as of the date of hearing* that he was medically stationary. It did not determine claimant's right to permanent partial disability; neither did it order that the claim be closed. A claim cannot be closed unless the claimant is medically stationary. ORS 656.268. If, after the hearing and before claim closure, claimant's condition changed and he was no longer medically stationary, he could receive benefits for temporary total disability.

■    "Medically stationary" is defined in ORS 656.005(17) as the situation when

> "no further material improvement would reasonably be expected from medical treatment, or the passage of time."

In order to show that he was no longer medically stationary after August 20, 1983, claimant had to prove that a material improvement in his condition could be expected from medical treatment or the passage of time. He has not done so. Campagna hospitalized him for evaluation but prescribed no medical treatment. Dr. Tobias, who examined claimant at Campagna's request, recommended against surgery. Campagna found no objective change in claimant's condition between October, 1983, and May, 1984. There is no indication that, after the date of the October, 1983, hearing, claimant's condition changed so that either medical treatment or the passage of time would result in an improvement in his condition. He was not entitled to additional benefits for temporary disability.

Affirmed.