Argued and submitted January 12, affirmed March 7, 1990

In the Matter of the Compensation of
Michael J. Harvey, Claimant.

HALLMARK FISHERIES et al,
*Petitioners,*

*v.*

HARVEY,
*Respondent.*

(87-06987; CA A61323)

788 P2d 471

Paul L. Roess, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon, Moore & Johnson, Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an order of the Worker's Compensation Board awarding claimant temporary total disability (TTD) benefits. Claimant injured his back while working for employer. He filed a claim and received TTD. He returned to work before his claim was closed, but was fired for smoking marijuana on the work site two days later. On March 5, 1987, while still unemployed, claimant was declared by his treating physician to be physically unable to work, due to his work-related injury.

Employer argues that the Board's order is inadequate for judicial review, because there was no finding of a "worsening" which, according to employer, is required to trigger reinstatement of TTD. Proof of a subsequent "worsening" is required only after a claim has been initially closed. ORS 656.273; *Rodgers v. Weyerhaeuser Company,* 88 Or App 458, 460, 745 P2d 820 (1987). Claimant was working for employer when he suffered the disabling injury. As of March 5, he was entitled to TTD until he became medically stationary and was released for work. *See Weyerhaeuser Co. v. Kepford,* 100 Or App 410, 786 P2d 745 (1990).

Affirmed.[1]

---

[1] Employer also argues that there is not substantial evidence to support the Board's findings. We disagree.